UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 3: 10-10-DCR |
| | ) | Civil Action No. 3: 11-7184-DCR |
| V. | ) | |
| | ) | |
| ANGEL DEJESUS PALENCIA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

*** *** *** ***

This matter is before the Court for consideration of Movant/Defendant Angel DeJesus Palencia's *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 74] For the reasons discussed below, this motion will be denied. Further, no Certificate of Appealability will be issued with respect to any issue raised herein.

**I**.

Consistent with local practice, this matter was referred to United States Magistrate Judge Hanly A. Ingram for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge filed his Recommended Disposition on November 30, 2011. [Record No. 81] Based on his review of the record and the applicable law governing the motion, the Magistrate Judge recommended that Palencia's motion be denied. Palencia filed timely objections to the Magistrate Judge's Recommended Disposition on December 12, 2011. [Record No. 82]

Although this Court must make a *de novo* determination of those portions of the magistrate judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t

does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). A party who fails to file objections to a magistrate judge's proposed findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Further, a general objection to the entirety of a magistrate judge's report has the same effect as a failure to object. *Howard v. Sec't of Health and Human Svcs.*, 932 F.2d 505 (6th Cir. 1991).

## II.

In the present case, the magistrate judge recommended that the relief requested by Palencia be denied based on the waiver provision contained in his written Plea Agreement. After outlining the facts relating to the defendant's conviction, Magistrate Judge Ingram identified the standard applicable to Palencia's § 2255 motion and noted that, "[l]ike other statutory and constitutional rights, the right to collaterally attack a sentence or conviction may be waived." [Record No. 81, p. 3] And where a defendant has waived the right to collaterally attack his conviction and sentence, he must raise a challenge that goes to the validity of the waiver itself, such as a claim that it was involuntary or the product of ineffective assistance of counsel.

Here, Palencia did not present any meritorious argument that his guilty plea and waiver was involuntary. Further, he was specifically advised by the undersigned during his re-arraignment hearing of his rights under Rule 11 of the Federal Rules of Criminal Procedure. Under *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007), Magistrate Judge Ingram concluded that the waiver provision of the Plea Agreement was binding. [Record No. 81, p. 5] Next, the

magistrate judge concluded that a Certificate of Appealability should not issue because no jurist of reason would debate whether the § 2255 motion stated a valid claim. [*Id.* at pp. 5-6]

In his objections to the magistrate judge's Recommended Disposition, Palencia asserts that the recommendation is "inconsistent" with his claims and he objects to the recommendation from page 2 to page 6. These vague objections are insufficient to allow proper review. As a result, the Court considers these objections to be waived.

Next, Palencia asserts that he "preserve his objections in pending Supreme Court's decisions regarding with, if Rule 11(c)(1)(C) plea was 'based on' the guideline. in *Lafler v. Cooper*, and *Missouri v. Frye*." However, in the present case, Palencia did not enter a guilty plea based on a binding plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Instead, the written Plea Agreement specifically provided that it contained recommendations by the parties regarding guideline calculations pursuant to Rule 11(c)(1)(B). In relevant part, Palencia's Plea Agreement states in paragraph 5:

> Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentence guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.
>
> (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2009, manual, will determine the Defendant's guideline range.
>
> (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the conduct set forth in paragraph 3.
>
> (c) Pursuant to U.S.S.G. § 2D1.1(a)(5) and (c)(7), the base offense level is 26 because the offense committed by the Defendant on September 30 involved more than 500 grams but less that 2 kilograms of cocaine.
>
> (d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense

> level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

[Record No. 35, pp. 3-4] Thus, any assertion that the Court was bound by any recommendation of the parties regarding a guideline range or a specific term of imprisonment is clearly misplaced.

The Court has also reviewed the cases cited by the defendant and currently pending before the Supreme Court (*i.e.*, *Frye v. Missouri*, 311 S.W.3d 350 (Mo. 2010), *cert. granted*, 131 S.Ct. 856 (2011), and *Cooper v. Lafler*, 2010 U.S. App. LEXIS 9589 (6th Cir., May 11, 2010), *cert. granted*, 131 S.Ct. 856 (2011)). The Court concludes that Palencia's conviction and sentence would not be altered based on the issues raised in those cases. In short, Palencia has not demonstrated that his representation was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), as it pertained to negotiation of the waiver provision. Instead, the facts of this case establish that the defendant was fully advised of the effect of the waiver provision regarding his appellate rights. He indicated to the Court during his re-arraignment that he fully understood the import of his agreement.

Palencia has offered no evidence or legitimate argument that his decision to enter a guilty plea was based on erroneous legal advise and that he would have insisted on going to trial but for this erroneous advice. Instead, the focus of his claim of ineffective assistance of counsel is directed to the alleged failure to file a notice of appeal following the sentencing hearing and in light of the fact that Palencia had knowingly and voluntarily waived the right to file such an appeal. The failure to file a frivolous appeal in the face of a knowing and voluntary waiver of the right to appeal does not constitute ineffective assistance of counsel. Palencia's response to

the magistrate judge's show cause order was insufficient to establish facts to the contrary. [Record No. 80]  In any event, issues which are merely pending before the Supreme Court for review do not constitute a basis to reject the well-reasoned recommendation of the magistrate judge.

### III.

Based on the foregoing discussion and analysis, it is hereby

**ORDERED** as follows:

1. The magistrate judge's Recommended Disposition [Record No. 81] is **ADOPTED** and **INCORPORATED** herein by reference;

2. Movant/Defendant Angel DeJesus Palencia's objections to the magistrate judge's Recommended Disposition [Record No. 82] are **DENIED**;

3. Movant/Defendant Palencia's motion to vacate, set aside or correct his sentence [Record No.74] is **DENIED** and his claims are **DISMISSED** with prejudice;

4. A Certificate of Appealability shall not issue because the Movant/Defendant has not made a substantial showing of the denial of any substantive constitutional right;

5. Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of Respondent/Plaintiff United States of America.

This 14th day of December, 2011.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge